**SAVINGS BANKS TRUST COMPANY, Plaintiff-Appellant,**

v.

**FEDERAL RESERVE BANK OF NEW YORK, Defendant-Appellee,**

and

**American Savings Bank, Defendant.**

**No. 1355, Docket 84–7129.**

United States Court of Appeals, Second Circuit.

Argued June 7, 1984.

Decided June 27, 1984.

Peter J. Mastaglio, Garden City, N.Y. (Terry D. Weissman, Cullen & Dykman), Garden City, N.Y., for plaintiff-appellant.

Joseph P. Dailey, New York City (Joseph J. Tesoriero, Breed, Abbott & Morgan), New York City, for defendant-appellee.

Before OAKES and WINTER, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM:

The present case arose out of the theft of a signed but otherwise incomplete teller's check drawn on an account maintained by Franklin Savings Bank with the plaintiff, Savings Banks Trust Company ("Savings"). Savings received a written stop payment order with respect to the check in question from Franklin. Persons not involved in the present litigation completed the check and proceeded to deposit it in a North Carolina bank. The check came into possession of the defendant Federal Reserve Bank of New York through ordinary collection channels and was presented to Savings for payment. Savings failed to

---

* The Honorable Jacob Mishler, United States District Judge for the Eastern District of New York, sitting by designation.

dishonor the check or to apprise the defendant of an intention to dishonor within the time specified by the Thrift Institution Collection Arrangement and New York Uniform Commercial Code Section 4–212 (McKinney 1964). Defendant thereupon debited Savings' account in the amount of the check and Savings brought the present action to recover the amount in question.

Savings' action against the Federal Reserve Bank is based on a claim that it breached the presenter's warranty of no material alterations in the check in question as provided by New York Uniform Commercial Code § 4–207(1)(c) (McKinney 1964). However, Section 4–207 accords such a warranty only to a "payor bank ... who in good faith pays or accepts the item."

Savings argues that the requisite "good faith" exists even when a party has sound reason to be suspicious so long as it does not have actual guilty knowledge. However, knowledge and disregard of suspicious circumstances are sufficient to vitiate an assertion of good faith where negotiable instruments are concerned. *In Re Legel Braswell Government Securities Corp.*, 695 F.2d 506 (11th Cir.1983); *Otten v. Marasco*, 235 F.Supp. 794 (S.D.N.Y.1964), *aff'd* 353 F.2d 563 (2d Cir.1965). *See also* H. Bailey, *Brady on Bank Checks* § 8.5 (1984 Cum.Supp. No. 1). Since receipt of the stop order by Savings imparted knowledge of suspicious circumstances sufficient to bar an action under Section 4–207, we affirm.